PD-0422-15

COURT OF APPEALS NO. 03-14-00236-CR

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS

---

KEVIN TODD HARDIN,
Appellant/Petitioner

v.

THE STATE OF TEXAS,
Appellee/Respondent

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 01 2015

Abel Acosta, Clerk

---

On appeal from the Third Court of Appeals
Austin, Texas

---

PETITIONER'S MOTION FOR REHEARING

---

FILED IN
COURT OF CRIMINAL APPEALS

OCT 01 2015

Abel Acosta, Clerk

KEVIN TODD HARDIN
PETITIONER
TDCJ No. 01920319
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

PD-0422-15

COURT OF APPEALS NO. 03-14-00236-CR

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS

---

KEVIN TODD HARDIN,
Appellant/Petitioner

v.

THE STATE OF TEXAS,
Appellee/Respondent

---

On appeal from the Third Court of Appeals
Austin, Texas

---

PETITIONER'S MOTION FOR REHEARING

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

KEVIN TODD HARDIN, Appellant/Petitioner, submits to the Court his Motion for Rehearing, pursuant to Rule 79 of the Texas Rules of Appellate Procedure, and respectfully requests that the Court reconsider his Petition for Discretionary Review, which Presiding Judge S. Keller would grant.

### POINT RELIED ON FOR REHEARING

The Third Court of Appeals erred in overruling Petitioner's point that the trial court should have sustained his objection to improper jury argument by the State regarding parole and good time credit, which the Third Court of Appeals conceded was improper, but remarkably found that the comments were harmless and did not

1

affect his substantial rights.

## ARGUMENT AND AUTHORITIES

Petitioner respectfully urges the Court to reconsider its ruling that Petitioner's Petition for Discretionary Review should be refused. As acknowledged by Presiding Judge S. Keller in her willingness to grant review, a refusal to review the decision of the Third Court of Appeals would leave in tack a decision that conflicts with decisions of other courts of appeals and has decided an important question of state law in a way that conflicts with the applicable decisions of this Court.

As more fully developed in Petitioner's petition, the State presented to the jury an improper argument concerning the specific amount of time Petitioner would be required to do in actual time served, considering he would receive good time on his "quarter-time offense." The State even went to the extent of calculating for the jury the number of years Petitioner would have to do in actual time if he received a 40 and then a 60 year sentence. RR4: 49-52.

In the Third Court of Appeals' memorandum opinion, the Court tacitly concedes that the State's comments were improper. See **Hardin v. State,** No. 03-14-00236-CR (Tex.App.-Austin March 25, 2015). In contrast to other courts of appeals' decisions, the Third Court of Appeals somewhat remarkably found that the State's improper comments, which likely increased Petitioner's sentence, were harmless and did not affect his substantial rights. See **Id.**

When all of the factors in assessing harm are considered and balanced, the trial court's error in overruling Petitioner's ob-

2

jections to the improper jury argument by the State regarding the application of parole and good time credit, cannot be said to be harmless - that it did not have a substantial effect on the jury's verdict.

In short, Petitioner respectfully asks the Court to reconsider its conclusion that his Petition for Discretionary Review should be refused. Petitioner further requests that after consideration the Judges of the Court join the Presiding Judge in granting his Petition for Discretionary Review.

## PRAYER

For the foregoing reasons, Petitioner Kevin Todd Hardin requests that this Court grant this motion for rehearing, withdraw its prior judgment, and issue a judgment granting his Petition for Discretionary Review.

Dated: **September 23, 2015.**

Respectfully submitted,

KEVIN TODD HARDIN
PETITIONER
TDCJ No. 01920319
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

## PETITIONER'S CERTIFICATE

I hereby certify that the reason for requesting reconsideration is based on the specific circumstances stated within the foregoing motion and that the motion is made in good faith and not for delay.

KEVIN TODD HARDIN
PETITIONER

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the fore-going motion has been served by placing same in the United States Mail, postage prepaid, on the **23rd** day of **September, 2015,** adressed to:

State Prosecuting Attorney
Post Office Box 13046
Austin, Texas 78711-3046

Burnet County District Attorney's Office
Gary W. Bunyard
Assistant District Attorney
Post Office Box 725
Llano, Texas 78643

KEVIN TODD HARDIN
PETITIONER

4